STATE OF MISSOURI *ex rel.* WILLIAM HIXON, Relator, *v.* JESSE SCHOFIELD, NINIAN W. LETTON, and WILLIAM S. THOMAS, Justices of Lafayette County Court, Respondents.

*Mandamus—Practice—Officer—Clerk.*—The object of a mandamus is to compel the performance of an act. Under the provisions of G. S. 1865, ch. 34, § 18, it is the duty of the court to prefer charges against the clerk if he has been guilty of misdemeanor in office, and it may in the meantime suspend him from office ; and if it neglect this duty, a mandamus may be awarded to compel its performance. A return to the charges preferred should state the time, to show that the charges were preferred before application was made for the writ.

*Application for Mandamus to Lafayette County Court.*

*Knox & Smith,* for relator.

*Glover & Shepley,* for respondents.

WAGNER, Judge, delivered the opinion of the court.

The relator was suspended from the office of clerk of the

County Court of Lafayette county by order of the County Court, and he prays for a mandamus to compel the said County Court to file charges against him with the Attorney-General, that he may have a trial according to law. The answer, among other things, states that the defendants have filed the charges with the Attorney-General, but at what time they were made out and placed in his hands is not alleged.

The relator's counsel demurs to the return, because it is not therein stated that the charges were referred to the Attorney-General before the alternative writ was issued from this court.

We cannot give judgment on the demurrer, and award a peremptory mandamus. The object of a peremptory mandamus is to compel the performance of an act; and if the act has already been done, the writ would be fruitless.

It is admitted that the charges have been made and referred to the proper officer, but the answer omits to state the time. If they were not prepared and forwarded till after the writ was originally sued out, the relator was pursuing his legal remedy; if they were made and referred before the issuance of the writ, he was not entitled to it, and should pay the costs. The answer on this point is evasive, and we overrule the demurrer and deny the mandamus, but order the defendants to pay the costs.

The other judges concur.