EDWARDS v. FERGUSON *et al., Appellants.*

**Public Officers**: PERSONAL LIABILITY. Public officers, who are invested with discretionary powers in the performance of ministerial duties, cannot be held to a personal liability for acts not maliciously done.

*Appeal from Louisiana Court of Common Pleas.*—HON. G. PORTER, Judge.

REVERSED.

This was a suit to enforce against the defendants a personal liability for having, as the petition alleged, wrongfully refused to pay plaintiffs a balance claimed to be due them on a contract for the erection of the Normal school building at Kirksville. The contract was made by plaintiffs with the Board of Regents of the Missouri State Normal Schools, of which defendants were members. The board was charged by law with the duty of superintending the erection of the building. Defendants refused to pay the balance claimed on the ground, as they alleged, that plaintiffs had failed to comply with their contract; and in their answer claimed immunity from personal liability on the ground that their action in the premises was official and was not prompted by any willful, malicious or corrupt motive.

*Smith & Krauthoff* and *Wm. P. Harrison* for appellants.

The defendants are not liable. The act of the general assembly, under which they acted, clothed them with discretionary powers, and it is not alleged or proven that they

exceeded their jurisdiction, or that they acted from a spirit of willfulness, malice or corruption. Acts 1870, p. 134, §§ 3, 4, 5; *Reed v. Conway*, 20 Mo. 22; *Pike v. Megoun*, 44 Mo. 491; *Schoettgen v. Wilson*, 48 Mo. 253; *Dritt v. Snodgrass*, 66 Mo. 286; *Gregory v. Brooks*, 37 Conn. 365 ; *Wasson v. Mitchell*, 18 Iowa 153; *Walker v. Hallock*, 32 Ind. 239; *Caulfield v. Bullock*, 18 B. Mon. 494; *Weaver v. Devendorf*, 3 Denio 117; *Baker v. State*, 27 Ind. 485 ; *Seaman v. Patten*, 2 Cai. (N. Y.) 312; *State v. Stanley*, 66 N. C. 59; *s. c.*, 8 Am. Rep. 488; *Turner v. Sterling*, 2 Ventris 26; *Donahoe v. Richards*, 38 Me. 379 ; *Wheeler v. Patterson*, 1 N. H. 88; *Griffin v. Rising*, 11 Metc. 339; *Jenkins v. Waldron*, 11 Johns. 121; *Wilson v. Mayor*, 1 Denio 599 ; *Tompkins v. Sands*, 8 Wend. 462; *Rail v. Potts*, 8 Humph. 225; *Kendall v. Stokes*, 3 How. 97; *Wilkes v. Dinsman*, 7 How. 89, 129, 130, 131, 132; *Harman v. Tappenden*, 1 East 555 ; *Cullen v. Morris*, 2 Stark. 577 ; Shearm. & Redf. Negligence, § 156 n. 1.

*Fagg, Biggs & Carkener* for respondents.

SHERWOOD, C. J.—Defendants, who are the successors in office of a former Board of Regents of the Missouri State Normal Schools, are not responsible individually, either for the acts of their predecessors, or for their own acts unless maliciously done. No principle of law is better settled by the authorities than this, that persons holding official positions, positions giving them enlarged discretionary powers, cannot incur individual liability except on the ground just instanced. In *Reed v. Conway*, 20 Mo. 22, an extended review of the authorities occurs ; that case dominates this one. No cause of action is alleged in the petition, and, therefore, judgment reversed and petition dismissed. All concur.