## SIMON *v.* DURHAM.

ELECTION RETURNS—CANVASSING BOARDS.—A board of canvassers, in the exercise of ministerial functions only, have no power, in making their canvass, to consider as election returns any paper not duly authenticated in the mode provided by the statute.

IDEM—UNAUTHENTICATED PAPERS CANNOT BE CONSIDERED.—An attempted canvass. in which the result declared is based upon papers not thus authenticated, may be treated as a nullity by the party injured, and unless the powers of the board have otherwise terminated, he is entitled to the writ of mandamus to compel them to reconvene and make a legitimate canvass of the proper returns.

IDEM.—The writ should not be issued where it is properly made to appear that it would be useless and unavailing to the party applying for it, but the Supreme Court possessing only appellate jurisdiction, in such instances as the present, is confined to such questions as the record shows were determined by the court below.

By the Court, WATSON, J.:

The determination of this cause has become comparatively unimportant to the parties, since the decision of this court in the case of the appellant against D. P. Thompson, on writ of review, has settled the title of the office in controversy in his opponent. But the case presents some questions as to the power of statutory boards in canvassing election returns, of no little interest to the public, which we feel it our duty to determine.

In the first place, this board of canvassers, provided for in the Portland city charter, undertook to consider, in making their canvass of the returns of the city election of June

20, 1881, certain loose sheets of paper returned in the poll books, but not attached or identified in any way as parts thereof, and which contained only the names of the various candidates for city offices, each followed by a number of tally-marks footed up in figures, without any designation of office, or other marks whatever, in order to reduce the number of votes shown by the proper certificates of the judges of election, duly entered upon the poll books and signed by them, and attested by the clerks of election in the form prescribed by the statute, and thereby changed the result of such election for the office of mayor, from a majority of nine, as shown by such certificates, in favor of the appellant, Joseph Simon, to a majority of one for D. P. Thompson, his opponent, as shown by a portion of such loose sheets—another portion showing a majority of two for Simon—which evidently must have been ignored.

It is true the poll books themselves did not contain the entries of the votes in the columns under the names of the persons voted for as required by sec. 23, title 2, chap. 14 of the general laws, (Code of 1872, page 571,) nor did they contain the enumeration of the whole number cast for each person, as provided in section 26, of the same title, but these defects we conceive furnished no justification for the resort to the loose sheets spoken of, in order to contradict and overturn the regular certificates, and change the final result.

We are disposed to concede the power of such a board, in the legitimate exercise of ministerial functions only, where these entries and enumerations are made in the poll books themselves, and authenticated by the certificates of the judges and clerks of election, as provided by the statute, to compare the number of entries in the appropriate column with the number certified to have been cast for any candidate, and to correct any plain clerical error in computation

which may thus be made to appear. Such portions of the returns which have been duly made and authenticated may be considered as embodied in the certificate for this purpose. But the loose tally sheets which the board of canvassers referred to for this purpose, in the case before us, were not authenticated so as to justify them in considering them as part of the election returns. The rule is well settled that election boards of this character can consider no papers as election returns except such as appear to be so on their face. (McCrary on Elections, sec. 82; *State* v. *Board of Canvassers*, 36 Wis., 498; *Luce* v. *Mayhew*, 13 Gray, 83. We understand by this that the papers must bear upon their face substantially whatever the statute has prescribed for their authentication as such returns. Obviously in this instance, the legislature intended that the certificates of the judges of election, accompanied by the attestation of the clerks, should authenticate the poll books containing the entries and enumerations of votes. The loose tally sheets, in this instance, bore no mark of authentication, and the board of canvassers had no right to regard them as election returns. As the functions of the board in this respect were purely ministerial, mandamus lay to compel them to disregard the loose tally sheets, and canvass only the duly authenticated returns. (McCrary on Elections, sec. 84, and cases cited.) The claim of respondents that they had made the canvass and exhausted their powers before the writ was served, can not be upheld. Their functions were ministerial and their powers had not terminated by lapse of time or otherwise than by their attempted exercise. But the exercise of ministerial functions does not exhaust them unless the duty has been legally performed. (*State* v. *County Judge*, 7 Iowa, 201; *Ingerson* v. *Berry*, 14 Ohio St., 324.) The appellant had a right to treat the attempted canvass as a nullity, and

insistupon a legitimate canvass of the properly authenticated returns.

A motion has been filed in this court to dismiss the appeal on the ground that the ultimate right to the office in controversy is involved in another case, also here on appeal, and that the determination in that case must necessarily supersede any further action on the part of the respondent board, and render the issuance of the peremptory writ useless and of no possible benefit to the appellant. The case of *Ingerson* v. *Berry*, 14 Ohio St., 324, was cited in support of the motion. The proposition that mandamus should not issue when it can produce no benefit to the relator we regard as well settled. But the supreme court of Ohio had original jurisdiction in that case, and this court has only appellate authority in the present case. Besides, in the former the matter showing that the writ would prove fruitless if issued, appeared in the return, and was not controverted, while in the case before us there is nothing in the record paper denoting such objections to the issuance of the writ, and we cannot take judicial notice of what another record in an entirely different case may contain, although here on appeal, in disposing of the present. The record of each case should be complete in itself and exhibit all the grounds upon which its final determination in this court is based. (24 Cal., 73; 31 Id., 170, 215.) But we have no doubt of the power of the circuit court, after the mandate has gone down, to allow an amended or supplemental return to be filed, upon proper application, showing the facts attempted to be brought into the case by the respondent's motion, and if admitted or established, if controverted by the appellant, to deny the writ. But whatever disposition may be made of this branch of the case by the court below, we are satisfied the judgment appealed from must be re-

versed, as the appellant was entitled to the writ when he applied for it and was refused by the court, and he is also entitled to recover costs, both there and here, whether the writ issues or not. (41 Mo., 38.)

Judgment reversed.