The King Hill Brick Mfg. Co. v. Hamilton.

THE KING HILL BRICK MANUFACTURING COMPANY, Respondent, v. EDWARD L. HAMILTON, Appellant.

Kansas City Court of Appeals, November 14, 1892.

1. **Municipal Corporations:** ORDINANCE AND CONTRACT FOR STREET IMPROVEMENT: COMPLIANCE: TAX BILLS: DEFENSE. An ordinance and contract for street improvement provided that the lower layer of the improvement should be brick laid flat, but instead thereof a layer of broken rock was substituted for a considerable portion of the street, and the paving was also made three inches shallower than the required depth. *Held*, a material departure from the contract, and fatal to a recovery on the tax bills.

2. ———: COUNCIL: NO DELEGATION: MATERIAL FOR STREET IMPROVEMENT. The determination of what material streets shall be paved is a material function belonging to the city council, and which cannot be delegated, and the city engineer has no power to substitute other material for that prescribed in the ordinance.

*Appeal from the Buchanan Circuit Court.*—HON. A. M. WOODSON, Judge.

REVERSED.

THIS was a suit instituted in the circuit court of Buchanan county on a special tax bill for the cost of paving Fifth street, in the city of St. Joseph, against appellant's lot fronting thereon. Special ordinance number 960 directed that said street be paved with vitrified brick, and curbed and guttered in accordance with specifications therefor on file in the office of the city engineer. At the time of the passage of the ordinance ordering the improvement of the street, there were two street railway tracks extending over a portion of the street to be paved which the city engineer thought

might at some time be removed, but so far as the record shows no action was ever taken to have said tracks taken up or removed. From the bottom of the cross ties of the railway track to the top of the rail was eight inches, while the depth of the paving was to be eleven inches. The specifications for the work, among other things, specified that: The roadway shall be graded to a depth of eleven inches below the intended surface of the street, the cross-section to conform in every respect to the cross-section of the pavement when finished. It then shall be thoroughly rolled with a roller, not less than ten tons in weight. All depressions which may appear shall be carefully filled with sand, or gravel or stone, and the roadbed re-rolled and rammed, if thought necessary, in the opinion of the city engineer, so as to bring it to an even and compact surface. Upon the foundation thus prepared there shall be smoothly and evenly spread a layer of clean river sand four inches in depth. Upon this bed of sand will be placed a layer of brick two inches by four inches by eight inches in size, laid flat, and as close together as possible, in courses parallel with the line of the street. The interstices shall then be well filled with sand, and the entire course covered with clean river sand to a depth of two inches. On this layer of sand will be placed a second layer of brick of the same size as above, set on edge, as close together as possible, in courses at right angles with the curbs, kept in even straight lines, and all joints well broken.

After the brick have been set for a distance of sixty feet, the first fifty feet must be lightly rammed, after which a covering of fine sand, sufficient only to fill the interstices, will be spread over the surface and thoroughly broomed in, after which the whole must be thoroughly rammed with rammers weighing not less than forty pounds. If necessary a plank shall be used

under the rammers. As soon as the square shall have been laid, as above, a final covering of one-half inches of fine sand raked off will be spread over its entire surface; well broomed into joints, and thoroughly rolled with road roller above mentioned. After being rolled by the road roller, the surface of the roadway must be true to grade, and must show no continuous lines or unequal settlements produced by the roller. Where such lines or settlements do appear, the contractor shall, upon due notification from the city engineer, take up said defective portions and relay them as above required, without additional compensation.

The city engineer under whose directions the contractor was placed deemed it advisable that the depth of the pavement and the depth of the railway tracks should be the same. In order to accomplish this object he directed the contractor for the street improvement to leave out the first or lower layer of brick, and in its stead place a layer of broken rock on that portion of the street occupied by the railway tracks, beginning at a point a foot on the outside of one track and extending to a point a foot on the outside of the other track. This space was about sixteen feet wide, and about two thousand feet long. The contractor followed the directions of the city engineer.

At the time of the passage of the ordinance aforesaid, Fifth street was paved with macadam. The contract for the new pavement called for the removal of the macadam; "such portions of it as can, in the opinion of the city engineer, be used again in the repair of streets shall be hauled by the contractor to places designated, etc.; balance of the material shall belong to the contractor."

The tax bill sued on in this case, and which is in due form, was issued in favor of the contractors, H. G. Getchell & Co., and by them assigned to plaintiff who

brought suit thereon, and upon the trial recovered judgment, the defendant having unsuccessfully interposed a demurrer to the evidence.

*Hall & Pike*, for appellant.

(1) It will not, of course, be denied that it was necessary for the mayor and council, by ordinance, to determine the character of the pavement to be constructed, and that unless this was done by the ordinance in suit it was void. This rule is too firmly settled in this state to be controverted. *Galbreath v. Newton*, 30 Mo. App. 380. (2) The change in the contract made by the engineer invalidated it. Had the contract so let contained the change in the specifications afterwards made by the engineer, it would have been void, because it would not have been a contract for the improvement ordered by the mayor and council. Much more is the contract void when the change was made after it was executed. *Galbreath v. Newton*, 30 Mo. App. 380. It cannot be said that the change was not a substantial one. (3) If the case be considered as if the engineer had made no change in the contract, on the ground that he had no authority therefor, it is no better for the plaintiff. The work was not done according to the terms of the contract, and for this reason the tax bills are void. Until a substantial compliance with the terms of the contract as to the material, in kind and quantity, the tax bills could not legally issue. *Bank v. Payne*, 31 Mo. App. 512–523.

*Spencer & Strap*, for respondent.

(1) Appellant in his brief assumes that the engineer actually changed the contract under which this work was done; that he arbitrarily substituted another contract for that provided by the mayor

and common council, while the evidence shows, and the instructions given by the trial judge were based on the fact, that this manner of doing the work was as nearly in accordance with the terms of the contract as it was possible to do under existing circumstances. It is not contended that the contract was irregular or void, but that the work as done was not in compliance with the contract and specifications, which were a part of it. The rule of law in this state is that a literal compliance with the contract in such cases is not necessary, but that a substantial compliance is sufficient. *City of St. Joseph v. Anthony*, 30 Mo. 538; *Sheehan v. Owen*, 82 Mo. 458; *Cole v. Skrainka*, 105 Mo. 303; *City of St. Louis v. DeNoue*, 44 Mo. 139; *O'Dea v. City of Winona*, — N. W. Rep. 97. The question of determining what is a substantial compliance is governed by the necessities of each case, and whether or not the property-owner is injured by the work as executed. In other words, whether he has received the benefits he otherwise would have received. In this case, while it is not only shown by the evidence that the contract was complied with as nearly as it was possible to do so, it is also shown that the cost was just as great, and the street was made better than if the contract had been carried out to the letter, and the jury so found.

Ellison, J.—It [appears from the foregoing statement, that the ordinance and contract provided for the paving of Fifth street with vitrified brick; that instead of using such material there was substituted for one layer of brick a course of broken stone over a space of the street, sixteen feet wide and two thousand feet in length. And, instead of the paving being of the required depth over this space, it was three inches shallower. That this was a material departure from the contract and ordinance, and going to its

substance, is not debatable. That there must be a substantial compliance with the ordinance and contract in cases of this nature, is too well settled to admit of further question. *Galbreath v. Newton,* 30 Mo. App. 380; *Bank v. Payne,* 31 Mo. App. 512; *Cole v. Skrainka,* 105 Mo. 303.

II. The plaintiffs undertake to avoid the effect of non-compliance, by showing that the change and substitution were approved by the city engineer. This fact will not aid them. The determination of what material streets shall be paved is a legislative function belonging to the city council and which cannot be delegated. *Galbreath v. Newton, supra; City of St. Joseph ex rel. v. Wilshire,* 47 Mo. App. 125. Nor do we see any force in the suggestion that the changes from the ordinance were necessary in order to conform to that portion of the street and paving to the street railway tracks. The contractor and city engineer had no right to take to themselves a power which resided *only with the city council,* no matter what might have been their judgment as to the necessities of the situation in which they found themselves. A total want of authority or power is not supplied by what may be thought to be the exigency of a particular case.

The judgment should be reversed. All concur.