STATE ex rel. PROSPERITY BUILDING AND LOAN
ASSOCIATION, Appellant, v. WILLIAM J. HANLEY,
Justice of the Peace, Respondent.

**St. Louis Court of Appeals, November 15, 1898.**

1. **Costs:** STATUTORY CONSTRUCTION. Costs in Missouri are creatures
of statute, and are taxable only as the statutes provide.

2. ———: MANDAMUS: MOTION TO RETAX COSTS: STATUTORY CONSTRUC-
TION. In a mandamus proceeding in accordance with the provisions
of section 6816, Revised Statutes 1889, the losing party is liable for
costs.

*Appeal from the St. Louis City Circuit Court.*—HON.
L. B. VALLIANT, Judge.

REVERSED AND REMANDED (*with directions*).

EUGENE MCQUILLIN for appellant.

The justice, respondent herein, should be taxed
with the costs of the mandamus proceedings. Fox v.
Whitney, 32 N. H. 408; People v. Musical M. P.
Union, 118 N. Y. 101; U. S. v. Schurz, 102 U. S.
378–407; Kendall v. U. S., 12 Pet. 524; U. S. v.
Boutwell, 17 Wall. 604; Queen v. Mayor, etc., 2 Gale
and Davidson, 1 Q. B. 751; Ballon v. Smith, 31 N. H.
413; Merrell on Mandamus, sec. 310. In Missouri,
costs are creatures of statute, and are taxable only as
the statutes provide. St. Louis v. Meintz, 107 Mo. 611;
Hoover v. Railroad, 115 Mo. 77; Thompson v. Union
Elevator Co., 77 Mo. 520. In all civil actions, unless
otherwise provided, the prevailing party shall recover
the costs. R. S. 1889, sec. 2920; Hawkins v. Now-
land, 53 Mo. 328. Where judgment is given for the
person suing out the writ of mandamus, or a judgment

is given for him on demurrer or by *nil dicit* or for want of a replication or other pleading, "he shall recover his damages and costs." R. S. 1889, sec. 6816.

R. M. NICHOLS for respondent.

In Addison on Torts, page 263 (a little school book which the able opposing counsel ought to have read), it is said: "When the executive power of a sovereign has been delegated to others, to be by them put in force in the form prescribed by law, the power thus conferred is termed an authority in law, and affords a justification for all acts and trespasses committed in the exercise of it, so long as the authority has not been abused or exceeded. Neither the judges in the king's courts nor any judicial officer, are liable to answer personally for their judicial acts. An action therefore will not lie against a judge for wrongful commitment or erroneous judgment, nor for any act done by him in his judicial capacity" (citing Hammond v. Howell, 1 Mod. 184; Kelley v. Dresser, 11 Allen, 31). Again at page 265 he may read the law as follows: "The general rule as regards judges and judicial officers is that if they do any act beyond the limit of their authority, causing injury to another, they thereby subject themselves to an action of damages, but if the act done be within the limit of their authority, through an erroneous mistaken judgment, they are not liable to an action." In the case of Edwards v. Ferguson, 73 Mo. 686, SHERWOOD, C. J., said: "No principle of law is better settled by the authorities than this, that persons holding official positions, giving them enlarged discretionary powers, can not incur individual liability, except on the ground just instanced" (acts maliciously done). In the case of City v. McCabe, 58 Mo. App. loc. cit. 549, it is said: "A ministeral officer acting in a matter

before him, with discretionary power, or acting in a matter before him judicially, or as a *quasi* judge, is not responsible to any one receiving an injury from such act, unless the officer act maliciously and willfully wrong."

BLAND, P. J.—At the suit of appellant an alternative writ of mandamus was issued in the circuit court against William J. Hanley, commanding him to proceed and hear, as justice of the peace, a suit which appellant had begun before him, in unlawful detainer. The return of Hanley to the alternative writ was adjudged insufficient, and a peremptory writ was awarded against him, but the trial court adjudged the costs against the relator (the appellant here). A motion was duly filed asking the court to retax the costs and adjudge the same against Hanley; this motion was overruled; from this judgment the relator appealed.

Section 6816, Revised Statutes of 1889, under the head "Mandamus," provides: "In case a verdict shall be found for the person suing out such writ, or judgment be given for him on demurrer, or by *nil dicit*, or for want of a replication or other pleading, he shall recover his damages and costs, in such manner as he might do in a civil action for a false return, and the same may be levied by execution, as in other cases." Costs in Missouri are creatures of statute and are taxable only as the statutes provide. Hoover v. Railway, 115 Mo. 77; St. Louis v. Meintz, 107 Mo. 611; Thompson v. Union Elevator Co., 77 Mo. 520. Section 2920, Revised Statutes of 1889, says: "In all civil actions or proceedings of any kind, the party prevailing shall recover his costs against the other party, except in those cases in which a different provision is made by law." No exception to this is made in mandamus proceedings; on the contrary, the

MANDAMUS: costs.

losing party is liable for costs. Section 6816, *supra*. The case of Edwards v. Ferguson, 73 Mo. 686, referred to by respondent's counsel, was a suit against the board of regents of the Missouri State Normal School, to enforce a personal liability, for a wrongful official act, and has no application whatever to the question in hand; nor has the case of City of St. Joseph v. McCabe, 58 Mo. App. 542, which was a suit on the official bond of McCabe as city engineer of the city of St. Joseph, for damages for an alleged wrongful act performed by him in his official capacity. This is not a suit against Hanley for damages resulting from an alleged wrongful act, or for the nonperformance of an official act by him as justice of the peace; had it been such a suit, he should have *recovered*, not lost his costs. We know of no rule of law by which the plain provision of section 6816, *supra*, can be construed away, to accommodate an erring official; nor has our attention ever been called to a precedent, which authorizes a court to brush aside the plain provisions of a statutory provision with reference to costs, because it works a seeming hardship. Hanley, as was found by the circuit court, erred in his judgment, for this he is civilly liable to no one; the appellant was compelled to resort to the mandamus proceeding, before Hanley, the justice, would proceed to hear its suit; this was Hanley's fault, his error, and for it the statute mulcts him with costs. The judgment of the circuit court will be reversed and the cause remanded, with directions that the order taxing appellant with the costs be set aside and that the costs be taxed against William J. Hanley. It is so ordered, the other judges concurring.