McALEENAN et al., Respondents, v. DICKMANN et al., Appellants.

St. Louis Court of Appeals, January 21, 1908.

1. REPLEVIN BOND: Order for New Bond: Relating Back. Where, in an action of replevin, a motion to compel the plaintiff to give a new bond, under section 4470, Revised Statutes 1899, was continued until a subsequent term when it was sustained, the motion did not relate back to the term at which it was filed so as to show that the court found the original bond to be insufficient at such prior term.

2. ————: Discretion of Sheriff. Under the provisions of section 4465, Revised Statutes 1899, the sheriff is not invested with discretionary powers in approving the bond offered by plaintiff in an action of replevin; he has no authority to take the property from the defendant and deliver to the plaintiff until the plaintiff shall deliver to him a bond executed by two or more *sufficient* securities to be approved by him.

3. ————: Evidence: Admissions. In an action against a sheriff on his official bond under section 4484, Revised Statutes 1899, in which the plaintiff alleged that the sheriff had taken property from him in an action of replevin and delivered it to the plaintiff in that action without requiring a bond with sufficient sureties, the fact that the sheriff joined in a motion to require the plaintiff in the replevin suit to given a bond for costs at the return term of such case was not an admission that the original delivery bond given in the replevin suit was insufficient so as to relieve the plaintiff of the necessity of proving it to be insufficient by affirmative evidence.

McAleenan v. Dickmann.

Appeal from St. Louis City Circuit Court.—*Hon. Jas. E. Withrow*, Judge.

REVERSED AND REMANDED.

*Johnson, Houts, Marlatt & Hawes* for appellants.

(1)    The sheriff is not liable in approving a replevin bond unless he acts negligently, wilfully or corruptly.    Larny v. People, 82 Ill. App. 569; Robinson v. People, 8 Ill. App. 283; Williams v. Elliott, 76 Mo. App. 11; Schoettgen v. Wilson, 48 Mo. 257; Edwards v. Ferguson, 73 Mo. 686; Cook v. Hecht, 64 Mo. App. 279; Gary v. McCown, 6 Ala. 370; Shull v. Barton, 56 Neb. 716.    (2) The plaintiffs abandoned that part of their petition which alleged a breach of the sheriff's official bond in failing to take sufficient sureties, and the court founded its judgment against the defendants on that part of section 4484, Revised Statutes 1899, which provides that "if the bond taken is adjudged insufficient at the term next after the same was taken and be not made sufficient as hereinbefore provided, he (the sheriff) and his sureties shall be liable to the party injured for all damages by him sustained to be recovered by civil action or by civil action on the officer's official bond."    This section is highly penal and  should be strictly construed.    25 Am. and Eng. Ency. of Law, 689; Alsup v. Ross, 24 Mo. 283; Duncan v. Drakeley, 10 Ohio 45; Conkling v. Parker, 10 Ohio St. 28; Fisher v. Franklin, 38 Kan. 251; Riess v. Rice, 1 Kan. App. 311; 22 Am. and Eng. Ency. Law, 654; Steam Engine Co. v. Hubbard, 101 U. S. 188.

*Percy Werner* and *Everett W. Pattison* for respondents.

(1)    The sheriff is liable for his failure to take the bond required by sections 4466 and 4467.    R. S. 1899, sec. 4484; State to use v. Boisliniere, 40 Mo. 566.    If

the sheriff fails to take such bond as the statute requires, and the defendant in replevin suffers damage thereby, the officer is liable to the extent of the injury thus occasioned. Kimball v. True, 34 Me. 84; O'Grady v. Keyes, 1 Allen (Mass.) 284. And the sheriff is a trespasser if he fails to take the required bond. Hall v. Monroe, 73 Me. 123; Morse v. Hodsdon, 5 Mass. 314; Whitney v. Jenkinson, 3 Wis. 407; Wilson v. Williams, 52 Ark. 360. (2) The rule applies if the sheriff takes a bond with insufficient sureties. Greely v. Currier, 39 Me. 517. So if he failed to take a bond in a sufficient penalty. People v. Core, 85 Ill. 248. (3) The doctrine of relation is never invoked to maintain injustice, but is often relied upon to prevent wrong. Slagel v. Murdock, 65 Mo. 522. See, also, to same effect, Ormiston v. Trumbo, 77 Mo. App. 310. The reasoning of this last case supports our contention here. Hume v. Eagon, 83 Mo. App. 582; Land & L. Co. v. Franks, 156 Mo. 690; Mason v. Perkins, 180 Mo. 702. If the sheriff's deed relates back, in order to prevent injustice, why should not an order of a court of record have the same effect? The delivery of a deed takes effect by relation. Marshall v. Hertzfelt, 98 Mo. App. 181; State ex rel. v. Gibson, 187 Mo. 550.

BLAND, P. J.—On February 20, 1904, plaintiff Henry McAleenan, at the city of New York, delivered to the other plaintiff, the Adams Express Company, five diamond finger rings, 1 diamond and opal bracelet and 1 diamond scarf pin, all of the value of $700, to be carried to the city of St. Louis and there delivered to Thomas Randolph. The jewelry was brought to St. Louis by the express company and on its arrival one Flora G. Scott instituted a suit in replevin in the St. Louis Circuit Court against the plaintiff herein for the recovery of the jewelry. An order of delivery was made and placed

128 App.—45

in the hands of defendant Dickmann, the then sheriff of the city of St. Louis, who took a delivery bond from Flora G. Scott and then took the jewelry from the possession of the Adams Express Company and delivered it to said Mrs. Scott. The writ of replevin was returnable to the April term, 1904, of the circuit court. On the first day of said term (April fourth), the defendant in the replevin suit filed a motion for the plaintiff, Mrs. Scott to give a new bond, on the ground that the sureties on the bond taken by the sheriff were wholly insolvent. The motion was continued to the June term, 1904, at which term the court ordered Mrs. Scott to give a new bond for the reason her sureties on the orignal bond were found to be insufficient. At the June term Mrs. Scott filed a motion to set aside the order requiring her to give a new bond, which motion was continued to the October term, 1904, at which term the motion to set aside the order for a new bond was overruled. She did not file a new bond, and on the first day of the December term, 1904, the court made an order on the sheriff to retake the jewelry from her and deliver it back to the plaintiffs herein. This order was never executed nor does the evidence show that a certified copy of it was delivered to the sheriff for execution. At the April term, 1904, and on the twelfth day of the month, the clerk of the court and defendant Dickmann joined in a motion to require Mrs. Scott to give security for costs in the replevin suit, which motion the court sustained on April 18, 1904. The action is on Dickmann's official bond to recover the value of the jewelry and $250 damages. The breaches of the bond assigned in the petition are, the failure of sheriff Dickmann to take a good and sufficient delivery bond from Mrs. Scott in the replevin suit, and the failure to execute the order of the court made at the December term, 1904, to retake the property from Mrs. Scott and deliver it back to the plaintiffs herein. · On the trial plaintiff, to

recover, relied on the failure of the sheriff to take a good and sufficient delivery bond from Mrs. Scott in the replevin suit, and to show that it was insufficient introduced the order of the court made at the June term, 1904, finding the sureties on the bond insolvent and ordering Mrs. Scott to give a new bond, and also the motion for security of costs in the replevin suit filed by Dickmann and the clerk of the court. The issues were submitted to the court, who found for plaintiffs. No instructions were asked or given.

The delivery bond taken by the sheriff is not contained in the record. But we will presume it followed the statute, which requires that such bonds shall be for "double the value of the property stated in the affidavit, for the prosecution of the action with effect and without delay, for the return of the property to the defendant, if return thereof be adjudged, . . . and for the payment of all costs which may accrue in the action," to be signed by two or more good and sufficient sureties (sec. 4465, R. S. 1899). Section 4470, Revised Statutes 1899, gives the court power to require the plaintiff at any time before trial to give a good and sufficient bond, if the one taken by the sheriff is found insufficient. Section 4484, Revised Statutes 1899, is as follows:

"If the sheriff, or other officer, fail to take or return a bond, as required by law, or if the bond taken is adjudged insufficient at the term next after the same was taken, and be not made sufficient as hereinbefore provided, he and his sureties shall be liable to the party injured for all damages by him sustained, to be recovered by civil action, or by civil action on the officer's official bond."

Plaintiff contends that the order for a new bond should be deemed to have been made at the April term, 1904, for the reason the motion for a new bond was filed at that time. If we should make the order for a new bond relate back to the term of court at which the

order was made requiring one to be given, then defendants would, by section 4484, supra, be estopped to deny that he failed to take a good and sufficient delivery bond as required by law; but we do not think this is a proper case for the application of the doctrine of relation, for the reason there is nothing in the record to show on whose application the motion was continued from the April to the June term; for aught that appears it may have been continued for the reason plaintiff's herein were not ready to have it heard, or it may have been continued by consent of parties. *Nunc pro tunc* orders of court may be made in a proper case on a proper showing, and in this way be made to relate back, but seldom, if ever, are mere orders of court made to relate back to a term anterior to the term at which they are actually made, except by *nunc pro tunc* entry, or by the very terms of the order.

The motion for security for costs filed at the April term (omitting caption) is as follows:

"And now at this day come William H. Hauschulte, Clerk of this Court, and Joseph F. Dickmann, Sheriff of the City of St. Louis, and move the Court to rule the plaintiff to give security for the costs already accrued and hereafter to accrue in the above entitled cause, for the reason that plaintiff has not sufficient property subject to execution, out of which the officers of the court could levy their costs.

(Signed)     "WILLIAM H. HAUSCHULTE,

"Clerk Circuit Court.

"JOSEPH F. DICKMANN,

"Sheriff City of St. Louis.

"State of Missouri, City of St. Louis, ss.

"Daniel J. Daly, being duly sworn, on his oath states that he is a deputy clerk of the circuit court of the city of St. Louis, and that he has examined into the subject matter of the above motion, and that the facts

stated in said motion are true to the best of his knowledge and belief.

    (Signed)               "DANIEL J. DALY.

"Subscribed and sworn to," etc.

It seems to us that by joining in this motion defendant Dickmann admitted the delivery bond was not only insufficient security for the return of the jewelry or its value, but insufficient to secure the payment of the costs of suit; and there being no evidence to show the sureties on the delivery bond were sufficient, we think the trial court was warranted in finding defendant Dickmann failed to take a sufficient delivery bond from Mrs. Scott. Defendants contend, however, that conceding the bond was insufficient, there is no breach of Dickmann's official bond, for the reason there is no evidence tending to show he acted negligently, wilfully or corruptly, and cite, Schoettgen v. Wilson, 48 Mo. 1. c. 257; Edwards v. Ferguson, 73 Mo. 686; Cook v. Hecht, 64 Mo. App. 1. c. 279; and Williams v. Elliott, 76 Mo. App. 1. c. 12. It was decided in Schoettgen v. Wilson, that an officer having discretionary powers and acting within the scope of his jurisdiction will not ordinarily be held responsible for an error of judgment. Edwards v. Ferguson holds that public officers, who are vested with discretionary powers in the performance of ministerial duties, cannot be held to a personal liability for acts not maliciously done. In Cook v. Hecht and Williams v. Elliott, the same rulings were made in respect to officers vested with discretionary powers. The statute vesting power in sheriffs to take delivery bonds from plaintiffs in replevin suits (sec. 4465) provides that the sheriff shall not receive or take such property until the plaintiff shall deliver to him a bond executed by two or more sufficient sureties, approved by the sheriff, etc. This statute confers no discretionary power on the sheriff. It is mandatory

that before taking the property from defendant and delivering it to the plaintiff, the plaintiff shall deliver to him a bond executed by two or more sufficient sureties approved by him.    As said by WAGNER, J., writing the opinion of the court in State to use, etc., v. Boisliniere, 40 Mo. l. c. 568.    "It is preposterous to say here that there was no breach of the bond.    The statute provides that the officer shall not receive or take the property until the plaintiff shall deliver to him a bond executed by two or more sufficient securities.    It is confessed that the statute was not complied with, and the act of taking an invalid and insufficient bond constituted a breach."

I think the judgment should be affirmed; but my associates are of the opinion that the filing of the motion for costs was not an admission or confession on Dickmann's part that the delivery bond taken by him was insufficient, and that the judgment should be reversed and the cause remanded and plaintiffs afforded an opportunity to show by affirmative evidence that the delivery bond was insufficient.