STATE ex rel. LEWIS D. McKINNEY, Highway Engineer, Texas County, Relator, v. HENRY THRASHER, Presiding Judge of the County Court of Texas County, Respondent.

**Springfield Court of Appeals, June 29, 1914.**

1. COSTS: Mandamus: Statutory Provisions. Where judgment is given for the person making return to the writ in a mandamus proceeding he shall recover his costs. (Sec. 2553, R. S. 1909.)

2. ———: ———: ———. In a mandamus proceeding costs should be allowed in favor of the party prevailing. (Secs. 2263, 2551, R. S. 1909.)

3. ———: On Motions: Discretion of Court. On all motions the the court may give or refuse costs at its discretion unless otherwise provided by law. (Sec. 2264, R. S. 1909.)

4. ———: Dismissal of Plaintiff's Case: Taxation of Costs. When plaintiff dismisses his case or same is dismissed at the request of defendant for failure to prosecute, plaintiff must pay the cost. (Sec. 2275, R. S. 1909.)

5. ———: Mandamus: Dismissal of Proceeding: Taxation of Costs. Respondent judge in a mandamus proceeding resigned before the special commissioner, appointed to take testimony, had submitted his report and moved for dismissal of the proceedings because of such resignation, to which relator agreed if the costs were taxed against respondent. There being no express provision for such case the court in its discretion awards costs against respondent.

Mandamus.

DISMISSED.

*Lamar, Lamar & Lamar* for relator.

*A. B. Lovan* for respondent.

ROBERTSON, P. J.—This is a mandamus proceeding instituted here for the purpose of requiring the respondent, as presiding judge of the county court

of Texas county, to sign a salary warrant for the relator's salary as highway engineer. An issue of fact arose upon the pleadings and Hon. W. E. Barton of the Houston bar was appointed special commissioner to take the testimony and to report to this court his findings of fact and conclusions of law, which he has done and which are adverse to the respondent, but before the report was submitted here he resigned and no showing is made here that his successor has been appointed.

The respondent has filed a motion to dismiss, based on the fact of his resignation, which the relator does not contest if the costs are taxed against the respondent, and, as we conclude this must be done, it is not necessary for us to decide whether respondent's resignation necessarily ends these proceedings.

The question of costs involves difficulties. Section 2553, Revised Statutes of 1909, provides that in case judgment shall be given for the person making the return to the writ in mandamus proceedings he shall recover his costs. The respondent by his resignation in the face of an adverse ruling and report of the special commissioner, has, as he is here contending, rendered impossible the further prosecution of these proceedings and thereby prevented this suit from accomplishing its purpose, depriving relator of his right to have a judgment upon the merits herein. Under such circumstances the respondent has not prevailed as is contemplated by said section. In the case of the State ex rel. v. MacChesney, 237 Mo. 670, 678, 141 S. W. 640, before the alternative writ was made peremptory the respondent performed the act commanded by the former and it was held that the peremptory order should not be made but that the costs should be taxed against respondent. In State ex rel. v. Hanley, 76 Mo. App. 631, the costs were held, under sections 2551 and 2263, Revised Statutes of 1909, taxable in favor of the party prevailing, but respondent

here is not the *prevailing party* within the meaning of that section. Section 2264, Revised Statutes of 1909, reads: "On all motions the court may give or refuse costs at its discretion, unless where it is otherwise provided by law." This may refer and be applicable to motions preceding motions to dismiss. Section 2275, Revised Statutes of 1909, requires the plaintiff to pay the costs where he dismisses or when his case is dismissed at the request of the defendant for failure to prosecute, and then follows the provision that "in all other cases it shall be in the discretion of the court to award costs or not, except in those cases in which a different provision is made by law." It thus appears from a literal reading of the above sections as to costs that no express provision is made for a case of this character, unless it be in said section 2264, and we, therefore, conclude that we are authorized, at least, to exercise a discretion as to the matter of costs under the facts here involved; and since the respondent has resigned upon the eve of our consideration of the report of the commissioner against him, we think, in the absence of an express statute to the contrary, the costs should, even if not specifically authorized by any of said section of the statute, be taxed against the respondent. It is so ordered and that the proceedings be dismissed. *Sturgis* and *Farrington, JJ.,* concur.