F. P. COOK, Appellant, v. PETER HECHT, Respondent.

Kansas City Court of Appeals, January 6, 1896.

1. **Roads and Highways:** OVERSEERS: DISCRETIONARY POWER IN REPAIRING ROADS. Road overseers are statutory officers clothed with certain discretionary powers in repairing roads and can not be held individually liable for their acts in so doing, unless willfully, maliciously, and oppressively done.

2. ————: REPAIRING: ROAD OVERSEER. In acquiring the right of way the public acquires with it the powers and privileges incident to that right, such as digging the soil, using the timber and other materials found within the limits of the road in a reasonable manner for the purpose of making the road; and in the exercise of such right, the road overseer will not be liable for mistakes of judgment.

*Appeal from the Moniteau Circuit Court.*—HON. D. W. SHACKLEFORD, Judge.

AFFIRMED.

*W. F. Quigley* and *J. F. Rutherford* for appellant.

(1) Plaintiff, in his petition, alleges that his easement or way of access to the public highway from his premises was destroyed by the wrongful acts of defendant in cutting and digging a ditch between said road and plaintiff's said premises. This easement being a part of plaintiff's premises and plaintiff's private property, not even the legislature could deprive him of it without compensation. Elliott on Roads and Streets, chap. 26, p. 526, and cases cited in notes. It was, therefore, wholly immaterial whether defendant, in cutting the ditch complained of, acted in his official capacity as road overseer, or otherwise, as there could be no lawful power delegated to him to destroy or interfere with plaintiff's private property without compensation, and, therefore, said allegations in his answer should have been stricken out. Elliott on Roads and Streets, pp, 526–533, inclusive; *Branahan v. Hotel Co.*, 48 Am. Rep. 457; also 5 N. E. Rep. 761; *Railroad v. Eberle*, 110 Ind. 542, 41 Ill. 502-508; *Thruston v. City of St. Joseph*, 51 Mo. 510. (2) The road mentioned in evidence was established and used as a public highway for more than thirty years; plaintiff had built his houses, barns, etc., and fixed a private way to go from his premises to said road; he, therefore, had a special interest in this private easement, the destruction, or interference with which was an immediate and special injury to plaintiff's property, for which he may have damages. Elliott on Roads and Streets, p. 510; *Bailey v. Culver*, 84 Mo. 532; s. c., 12 Mo. App. 175; *Sheedy v. Brick Works*, 25 Mo. App. 527. (3) The question of malice was an issue in this case. There was evidence in this case tending to prove, and proving, this issue. The instructions should embrace all the issues which there is any evidence to support. *Finx v. Phelps,*

30 Mo. App. 435; *Fitzgerald v. Haywood*, 50 Mo. 516; *Ellison v. Priest*, 78 Mo. 126; *Wood Mach. Co. v. Bobbst*, 56 Mo. App. 427. Malice need not be proved by direct and positive evidence. It is a deduction of fact to be made by the jury in the light of all the facts and circumstances in evidence in the case. *State v. Hickam*, 95 Mo. 330; *Moody v. Deutsch*, 85 Mo. 243; *Holliday v. Sterling et al*, 62 Mo. 321-322.

*Moore & Williams* and *Draffen & Williams* for respondent.

(1) The grading done by respondent was as road overseer, and as such he was a public officer, and had discretionary power to repair and grade the road in such manner as his best judgment dictated. There is an entire absence of any evidence of malice on the part of defendant, and the demurrer to the evidence should have been given. On the whole case, the verdict was for the right party. The appointment, qualifications, and duties of road overseers are prescribed by statute. Session Acts, Mo. 1893, p. 225, secs. 2, 3; R. S., 1889, p. 1821, secs. 7816, 7823, 7826. His duties are *quasi* judicial or discretionary. *Urgnent v. City of Ogdensburg*, 91 N. Y. 67, 71, and citations; *Hines v. City of Lockport*, 50 N. Y. 236; *Mills v. City of Brooklyn*, 32 N. Y. 489; *Edwards v. Ferguson*, 73 Mo. 686; *Reed v. Conway*, 20 Mo. 22; *Schoettgen v. Wilson*, 48 Mo. 253; *Champion v. Town of Crandon*, 19 L. R. A. (Wis.) 856; *Paine v. Dehli, Trustee*, 116 N. Y. 228; 5 L. R. A. 797; Shearman & Redfield, Neg. [2 Ed.], sec. 156; 2 Dill. Municipal Corp., sec. 687, and citations. This writer fully defines the rights of the public and of the adjoining landowner. *Ib.*, sec. 676. (2) What was a reasonable and proper use of the highway, is a question of law, and the fifth

instruction of the court, on the evidence in the case, was properly given. *Pemberton v. Dooley*, 43 Mo. App. 176; *Ferrenback v. Turner*, 86 Mo. 416. (3) The repairs and grading of the road by defendant did not deprive the plaintiff of his right of access to his premises. He was the owner of the soil to the middle of the roadway, subject to the paramount right in the public to improve the roadway in a reasonable manner. He had the right, if he saw fit to do so, of grading down his approaches to the road, to rock or riprap the gutter so as to make an easy and permanent passway over the gutter. He had the right to bridge or tile the gutter, and was so told by defendant. It could have been done in either way at small cost. He can not refuse to do what is necessary and reasonable in the premises, and thereby claim a right of action against a public officer for repairing the roadway in a reasonable and prudent manner. If there is any malice shown in this case, it is on the part of appellant. *Pemberton v. Dooley*, *supra*; *Champion v. Town of Cranden*, *supra*; *Edmison v. Lowery*, 17 L. R. A. 275; 2 Dill. Municipal Corp. [3 Ed.], sec. 687. As to the plaintiff's right to bridge, tile, or otherwise fix his gutter, if he did it so as not to deprive the public of their easement, see Washburn on Easements [2 Ed.], page 253. It was proper to show that he could do this at trifling cost. *Imler v. Springfield*, 55 Mo. 119-123; 3 Kent, Com. [10 Ed.] page 572.

GILL, J.—This is an action for damages, the plaintiff charging defendant with willfully, wantonly, unlawfully, and maliciously digging and constructing a ditch upon the side of the public road along the eastern boundary of eighty acres of land of the plaintiff, so as to interfere with the access of plaintiff to his farm.

The answer is a general denial, and, as a special

defense, sets up that the defendant was a road overseer of the road district in which said road was located at the time of the injuries complained of, and that, as such overseer, the said road being in bad condition, defendant used a common road grader, in repairing the same, in the ordinary and accustomed way, which made an excavation upon the side of the road along plaintiff's land, about eight inches below the surface; that such repairs were proper and necessary, to make the road fit for travel, and that the defendant, in making such repairs, was not actuated by malice, ill will, or any improper motive, but only performed what, in his best judgment as such overseer, he considered his duty in the premises; that there is nothing to prevent the defendant from bridging or tiling the ditch made by the grading, at any point he may desire opposite his land, with small cost.

The reply is a general denial.

The evidence discloses about this state of facts: Plaintiff owns and resides on an eighty acre farm five miles south of Tipton; his dwelling is near the southeast corner of the land, and along the east side of the farm is a public road. In front of the dwelling the fence was set back about fourteen feet, so as to secure to plaintiff an easy approach to the front of his premises. The land on which the road was located sloped towards the north. At the southeast corner of the plaintiff's land a ditch came in from the west and discharged the water onto the road, and at this point there had been for a long time a culvert constructed across the road so as to lead the accumulated water to the east side of the road, whence it had flowed north along the east side of the road, to some point north of plaintiff's land. This had washed out the east part of the road to the depth of eight feet or more and was continuing to cut into the roadway. At the time in controversy, however,

the culvert across the road had become filled up and the water was allowed to spread over the road so as to make it muddy and difficult of passage along opposite plaintiff's land. Defendant, as road overseer, attempted to repair the road and overcome the trouble, and in doing so he abandoned the old stopped-up culvert, and with a road scraper pulled the dirt from the west side of the roadway up into the middle thereof and thereby opened a space along the west side of the road and to the depth of eight or ten inches, so as to permit the surface water, coming from the west side of the road, to flow along north, passing in front of plaintiff's farm approach. This left a shoulder, or small ditch, where plaintiff had been accustomed to drive onto his premises, which, as already stated, was at first only about eight or ten inches deep, but the evidence tends to prove that it became washed out deeper, perhaps to the extent of twelve to sixteen inches, so that it was not thereafter convenient to draw loaded wagons over it. It is for this work, so done on the road alongside plaintiff's farm, that he seeks damages from the defendant.

The case went to the jury on an instruction by the court, telling them that if the defendant was, at the time he did the work, acting as road overseer, then they should find a verdict in his favor, which they did and the plaintiff has appealed.

In our opinion the plaintiff made no case against the defendant. The court was asked to give a peremptory instruction for the defendant; and while this was denied, yet the instruction given was to that effect, since unquestionably the defendant was in the performance of his duties as road overseer, when he repaired the road on account of which plaintiff complains.

The defendant, as road overseer, sought to im-

prove the highway (and which was within his jurisdiction) by raising the center thereof and turning the course of the water into a ditch or slight depression on each side of the road. The surface water had been allowed to run across the road just before it got to plaintiff's land, and thence confined to the east side, flowed north. By means of this, a deep ditch had been cut along the east side, so as to destroy a portion of the roadway; and when the culvert had become stopped up, the water from the plaintiff's side of the road was discharged onto the road, thereby impairing its use.

These road overseers are statutory officers, clothed with certain discretionary powers. It is made their duty to exercise proper diligence in keeping the roads in good repair (Revised Statutes, 1889, section 7807), and as to how this shall be done is necessarily left to their judgment. They come, then, within the scope of the rule, well established, that public officers, vested with discretionary powers in the performance of certain duties, can not be held individually liable for their acts, unless willfully, maliciously and oppressively exercised. *Reed v. Conway*, 20 Mo. 22; *Edwards v. Ferguson*, 73 Mo. 686. They can not be individually held for mere mistakes in judgment. They are not liable so long as they honestly and in good faith perform the work intrusted to them. The injury must be maliciously and willfully committed; and by *willful*, says Judge RYLAND in *Reed v. Conway, supra,* is meant "contrary to a man's own conviction."

It may be, now, that this defendant did not pursue the best mode of improving the road at the point in question; it may have been better to have carried the water across the road by a culvert, rather than to lead it down in front of plaintiff's premises, though numerous witnesses seem to have approved his conduct as.

the part of wisdom. . But, however this may be, he is not responsible for such mistaken judgment. He was there on the highway in question, representing the public, which had acquired the right of way, "with the powers and privileges incident to that right, such as digging the soil, using the timber and other materials found within the limits of the road, in a reasonable manner, for the purposes of making the road," etc. Wash. on Eas. & Serv. [3 Ed.] p. 228; *Pemberton v. Dooley*, 43 Mo. App. 176.

We discover no evidence in this record that can justify the charge that defendant acted in a malicious and willfully oppressive manner in repairing the road in question. We think there is no merit in the plaintiff's case, and the judgment, which was for the defendant, will be affirmed. All concur.