## T. P. SCHOOLER, Appellant, v. ALBERT F. ARRINGTON, Respondent.

### Kansas City Court of Appeals, May 30, 1904.

1. **OFFICES AND OFFICERS: Road Commissioner: Liability for Bridge Construction: Action.** A public officer charged with duties calling for the exercise of judgment is not liable for the erroneous performance unless guilty of willful wrong, malice or corruption.

2. ———: ———: ———: ———: **Negligence.** Negligence and carelessness are generally esteemed as not only not willfulness but rather the opposite.

Appeal from Chariton Circuit Court.—*Hon. John P. Butler*, Judge.

AFFIRMED.

*T. P. Schooler* for appellant.

(1) It is a well-settled rule that when the law requires absolutely a ministerial act to be done by a public officer and he neglects or refuses to do the act he is liable in damages at the suit of a person injured. Knox Co. v. Hunolt, 110 Mo. 74; State v. Spencer, 79 Mo. 314; Insurance Co. v. Leland, 90 Mo. 177; 23 Am. and Eng. Ency. of Law, p. 378, also sec. G, p. 379. (2) A county bridge commissioner is a public officer and an action for damages may be had against him for damages arising because of his neglect of his official duty. Matney v. Spencer, 79 Mo. 314; 72 Mo. App. 407; 75 Mo. App. 345.

*Crawley & West* for respondent.

(1) A public officer in the discharge of his official duties, called upon to exercise his judgment upon a matter wherein the public is concerned, in the absence of fraud, malice or corruption, is not answerable for his error of judgment to an individual who may have sustained damages by reason of such error. Williams v. Elliott, 76 Mo. App. 8; St. Joseph ex rel. v. McCabe, 58 Mo. App. 542; Knox county v. Hunolt, 110 Mo. 67; Edwards v. Ferguson, 73 Mo. 686; Schoettgen v. Wilson, 48 Mo. 253; Pike v. Megoun, 44 Mo. 491; Reed v. Conway, 20 Mo. 23.

ELLISON, J.—Plaintiff instituted this action by petition in which he charges that defendant was bridge commissioner of Chariton county and as such had supervision and control of the construction of a bridge across one of the streams in that county, which the county court had let to a bridge builder. It is charged

that the defendant so negligently and carelessly performed his duties of supervision and inspection that he allowed improper material used therein and the bridge to be built in such way as to be weak and unsafe for travel by the public. That notwithstanding such negligence defendant reported to the county court that the bridge had been properly built as required by the contract. It is then alleged that plaintiff in reliance upon the safety and security of the bridge, went on to it with a steam threshing outfit for threshing grain, when it broke down, precipitating the machine to the bottom of the stream whereby it was greatly damaged, etc. A different count stated personal injuries received by plaintiff.

The trial court held that the petition did not state a cause of action and sustained a demurrer thereto on that ground.

1. The petition did not charge that defendant's action was instigated by willfulness, malice or corruption. It is well settled in this State that when a public officer is charged with duties which call for an exercise of his judgment and discretion, he is not liable for an erroneous performance unless he has been guilty of willful wrong, malice or corruption. Reed v. Conway, 20 Mo. 23; Pike v. Megoun, 44 Mo. 491; Edwards v. Ferguson, 73 Mo. 686; St. Joseph v. McCabe, 58 Mo. App. 542.

2. But counsel for plaintiff stated in argument, and it is true, that the petition charges carelessness and negligence against defendant in the performance of his duties. That charge, however, in our opinion, does not meet the requirement of the law. Negligence and carelessness are generally esteemed as not only, not willfullness, but rather the opposite. Gibeline v. Smith, 106 Mo. App. 545.

The judgment is affirmed. All concur.