Carter v. George.

WILLIAM CARTER, Appellant, v. LOUIS GEORGE,
C. L. SATTERFIELD, and WILLIAM VOLMER,
Respondents.

In the Springfield Court of Appeals, July 2, 1924.

1. **COUNTIES: Rule Stated as to Personal Liability of County Judges
on Illegal Contracts Made by Them.** County judges will not be
personally liable on tracts illegally made, except it be shown that
their action was the result of fraud, corruption or malice.

2. ————: **County Judges Making Illegal Contract with Fraudulent
Intent not Liable Thereon, if Contractee not Deceived.** County
judges, entering into verbal contract with plaintiff for driving
piles for county bridge, *held* not liable to him on oral promise to
make subsequent orders for payment for driving piles, though
promise made with fraudulent intent; plaintiff being bound to know
that, under sec. 2164, Revised Statutes 1919, such contract must
be in writing, and hence he could not have been deceived.

3. **EVIDENCE: Persons Contracting with County Bound to Know the
Law and That Contracts not Complying with Statutes are Void.**
Persons contracting with county courts must be held to know the
law and that contracts not entered into in compliance with statu-
tory provisions are void.

4. **COUNTIES: Fraud: Mere Promise to be Performed in Future Can-
not Make County Judges Liable on Their Illegal Contracts on Ground
of Fraud.** To hold county judges to personal liability on illegal
contracts made by them on ground of fraud, misrepresentation re-
lied on must be of an existing fact, and not a promise to be per-
formed in the future.

Appeal from the Circuit Court of Carter County.—*Hon.
E. P. Dorris,* Judge.

AFFIRMED.

*V. V. Ing, John H. Raney, Yount & Kearby* and *Henson & Woody* for appellant.

(1) The contract made by defendants with plaintiff did not bind the county. Johnson v. School District, 67 Mo. 319; Kane & Co. v. School District, 48 Mo. App. 408; State v. Lawrence, 178 Mo. l. c. 374; Johnson v. Dye, 142 Mo. App. 424. (2) By the contract set out in the petition, defendants bound themselves to pay for the work done by plaintiff thereunder. McClintock v. Bryant, 1 Mo. 598; Lapsley v. McKinstry, 38 Mo. 245; Brown v. Bradlee, 156 Mass. 28, 30 N. E. 85; Isam v. Burgett, 157 Mo. 546; McCutcheon v. Windsor, 55 Mo. 149; Burton Machine Co. v. Ruth et al., 194 Mo. App. 194.

*O. L. Munger* and *John H. Chitwood* for respondents.

There is no legal contract set out in the petition, and there are no facts in said petition stated sufficient to constitute a cause of action; and the respondents are not liable in their individual capacity. R. S. 1919, secs. 1220, 2169, 10733, 2164, 3338; State ex rel. v. Diemer, 164 S. W. 517, 255 Mo. 336, and cases cited; Sharp v. Kurth, 245 S. W. 636; Schooler v. Arrington, 106 Mo. App. 607; City of St. Joseph v. McCabe, 58 Mo. App. 542; Cook v. Hecht, 64 Mo. App. 273.

FARRINGTON, J.—This is an appeal from the action of the circuit court of Carter county in sustaining demurrers to plaintiff's petition, filed by defendant. The petition is as follows:

"Plaintiff states that at all times hereinafter mentioned Reynolds county was, and now is, one of the legal subdivisions and *quasi*-municipal corporation of said State, duly organized and existing as a county in said State, and that at all times herein mentioned, the defendants, Louis George, C. L. Satterfield and William Volmer, were and now are, the duly elected, qualified and

acting judges of the county court of said Reynolds county, having all the powers and whose duty it was to perform all the duties of the county court of said county, and composed and were the county court of said county, and that the defendant, Louis George, was the presiding judge and the defendants, C. L. Satterfield and William Volmer, were the district or associate justices of said court, and now are such.''

''For his cause of action, plaintiff states that on the 23rd day of June, 1921, the defendants, then being members of and composing the county court of Reynolds county, and the plaintiff made and entered into a verbal contract and agreement whereby the defendants contracted with and hired plaintiff to drive certain piling along and on the west side of Black River in said county adjoining and near to the west end of a certain public steel highway bridge across said river belonging to said county, near Carter's Mill, in said county, and promised and agreed to pay plaintiff for driving said piling the sum of five hundred dollars, and plaintiff agreed to drive said piling for said sum of five hundred dollars; that said bridge completed and was and is a part of the public road and highway in said county and defendants had said piling driven for the purpose of protecting said bridge from damages by the waters of said river, which it was the duty of the county court of said county to do, and which they were fully authorized and empowered to do, and that the said county possessed funds to pay for the said work, as the defendants informed plaintiff at the time; that the defendants requested plaintiff to proceed at once to drive said piling so as to protect said bridge, as aforesaid, during the vacation of said county court, and promised and assumed plaintiff that they had the power to do so and would make all the legal and necessary orders and records, as the county court of said county, when court should be in regular session in the month of August, 1921, or sooner, if said court should be in session sooner, legally hiring and contracting with plaintiff for said work and obligating said county to pay

plaintiff five hundred dollars; that in reliance upon said promises and recommendations so made by the defend-ants, as aforesaid, the plaintiff proceeded at once to drive said piling as directed by and under the orders of the defendants as contracted, and that the defendants inspected and approved the work after it was done and approved the same in all respects as done according to same contract.''

''Plaintiff further states that the defendants have failed and refused to make the proper orders as the county court of said county, and have refused to do anything as the county court of said county hiring or employing plaintiff to drive said piling or to pay him therefor, and because of said wrongful failure and refusal of the defendants, the county of Reynolds has refused and still refuses to pay plaintiff for driving said piling, and the defendants, wrongfully refuse to do anything to cause said county to pay therefor, and refuse to pay themselves, although often requested so to do; that by reason of the wrongful refusal and failure of the defendants, as the county court of said county, to make the proper orders and records of the said contract aforesaid for the driving of said piling by plaintiff and paying therefor, said county cannot be made to pay plaintiff, and that the defendants, for said reasons are liable personally and individually, severally, to plaintiff and are bound in law and equity to pay plaintiff said $500 for driving said piling as herein stated.''

''Plaintiff further states that the defendants did not make said verbal contract with plaintiff in good faith, but for the wrongful purpose and with the fraudulent intent of inducing plaintiff to drive said piling and not pay him therefor, and that plaintiff believed the said promises and said contract were made by the defendants in good faith, and he relied thereon and was induced thereby to drive said piling, and has been deceived and injured thereby.''

''Plaintiff further states that he has driven said piling as contracted and agreed and has performed and

complied with all the parts of said contract by him to be done and performed in due time and proper manner as contracted, but that the defendants have wrongfully and fraudulently failed and refused, and still fail and refuse to comply with the parts of said contract by them to be done and performed, to plaintiff's great injury and damage, and that said five hundred dollars is long past due and wholly unpaid, although often demanded.''

''Plaintiff further states that the defendants have taken and accepted said piling as driven by plaintiff and have appropriated and are using the same for said county to protect its bridge, as herein specified.''

''Plaintiff further states that by reason of the misfeasances, malfeasances and non-feasances of the defendants hereinbefore set out, in their said actions and conducts while composing the county court of Reynolds county, by which plaintiff has been injured and damaged as herein set out, and because of the fraud and deceit and bad faith of the said defendants, hereinbefore specified, they, the said Louis George, C. L. Satterfield and William Volmer, have made themselves severally and jointly liable to plaintiff for the payment to him of the agreed price of $500, agreed upon as plaintiff's pay for driving the piling as herein set out; that while it really cost the plaintiff seven hundred dollars to drive said piling as contracted, he asks only the contract price of five hundred dollars.''

''Wherefore, plaintiff prays judgment against the defendants in the sum of Five Hundred Dollars, and for costs.''

It is conceded by the appellants that the contract pleaded in the petition was not one which could bind the county, because it is in violation of section 2164, Revised Statutes 1919, requiring that contracts made for counties shall be made in writing, and that the consideration for same shall be wholly performed or executed subsequent to the making of the contract. The rule seems to be definitely settled in this State by the following authorities that county judges will not be personally liable

on contracts illegally made except it be shown that their action was the result of fraud, corruption or malice. [State ex rel. West v. Diemer, et al., 164 S. W. 517; Sharp v. Kurth, 245 S. W. 636; Schooler v. Arrington, 106 Mo. App. 607, 81 S. W. 468; City of St. Joseph v. King-Hill Brick Co., 58 Mo. App. l. c. 549; Cook v. Hecht, 64 Mo. App. 273.]

The petition in this case, in the last four or five paragraphs, does charge that the verbal contract made with the plaintiff was not made in good faith but for the wrongful purposes and fraudulent intent of inducing plaintiff to drive said piling and not pay him therefor, and the plaintiff believed said premises and contracted on same in good faith and was deceived and injured thereby. The averment in the petition about which plaintiff claims to have been misled, however, is that these defendants, the county judges, promised him that they would follow up the verbal contract made, and under which he acted, by proper orders of court to be entered at times subsequent thereto when the court might be in session.

The fraud to support a petition such as the one in this case is the same as that which runs through all fraud cases, that is to say the party who claims injury by reason of being deceived must in fact show that he was deceived by some statement made by the injuring party upon which the injured party relied and acted. Had the defendants in this case misrepresented some fact, such as claiming that they had sufficient funds in the road fund to meet these expenses, or some other fact of a similar nature, which representation was in fact false and upon which this plaintiff relied, then under the authorities cited an action may be maintained against the county judges for willful deceit and fraud, but the thing the plaintiff in this case claims to have been deceived about is that the county court, at a subsequent date, would make proper orders which would give him a valid contract. This, under the law, could not be done, as section 2164, Revised Statutes 1919, expressly provides that

the contract, to be valid, must be in writing, and the consideration wholly to be performed or executed subsequent to the making of the contract.

It is held in the recent case of Hillside Securities Co. v. Minter, 254 S. W. 188, that persons contracting with county courts must be held to know the law, and to know that contracts not entered into in compliance with statutory provisions are void. The misrepresentation that is alleged to have been made in this case was one which the law holds the plaintiff to a knowledge of when the misrepresentation was made; that is to say, he is presumed to know that the character of contract he alleges was made could not be made. One cannot be deceived by merely being told that a thing exists when he knows that it does not exist. Had the misrepresentation been one of fact, of which the plaintiff did not have a knowledge, and relying thereon he acted and was injured, then by showing that the county judges maliciously or with fraudulent design made the misrepresentation, his cause of action against them personally would be good. Had the county court made the orders at a subsequent date the judges thereof would have fully done that which plaintiff alleges they agreed to do, but to have done so would have been in the face of the statute and illegal. Plaintiff cannot hold them because they refused to do a thing forbidden by law.

There is another element lacking in this charge necessary to make out fraud, and that is the representation was not one of a fact which existed but of a promise to be performed in the future. The facts of this case as stated in the petition make this plaintiff suffer an unjust result. The Legislature should provide that where money, labor and material are expended for the benefit of a county or municipality, in cases of great emergency, it should be paid for by proper orders subsequently made.

The action of the trial court in sustaining the demurrers to the petition followed the law as it now stands, and the judgment is affirmed. *Cox, P. J.,* and *Bradley, J.,* concur.