ANTONIO FLORIO AND VINCENZO CITRO, APPELLANTS, v. THE MAYOR AND ALDERMEN OF JERSEY CITY (A MUNICIPAL CORPORATION), RESPONDENT.

ANTONIO FLORIO AND VINCENZO CITRO, APPELLANTS, v. JOHN SCHMOLZE, RESPONDENT.

Submitted March 25, 1925—Decided June 1, 1925.

1. A municipality cannot be properly called upon to respond in damages to a person injured, through the negligence of its servant, and the doctrine of *respondeat superior* does not apply to such cases.

2. The driver of a fire apparatus, employed by a municipality, while driving to a fire, must perform such duty in a proper and careful manner, and cannot thrust aside all ordinary prudence in driving the apparatus along the public streets. If, while in the performance of this duty, he negligently drives the apparatus and injures another, his official cloak will not shield him from answering for his wrongful act.

---

On appeal from the Supreme Court.

For the appellants, *Anthony P. LaPorta.*

For the respondent, *Thomas J. Brogan* (*Charles A. Rooney,* of counsel).

The opinion of the court was delivered by

KALISCH, J. The cases before us for review involve the legal questions as to the liability of a municipal corporation

to a person injured through the negligence of its employe in the performance of a public duty, and as to the personal liability of such employe for his negligence in the performance of a public duty to a person injured by such negligence. These questions arise· from the pleadings. John Schmolze was a fireman in the employ of Jersey City. While driving a fire truck to a fire he negligently ran the truck against a horse and wagon in which the plaintiffs were seated and riding and by reason of the impact both of the latter were injured and damaged. The plaintiffs jointly brought separate actions, one against the municipality and the other against Schmolze, the driver of the fire truck. On behalf. of the municipality and of Schmolze, notice was given to the plaintiffs of a motion to strike out the complaints in that neither stated a legal cause of action. This matter came on for a hearing before Mr. Justice Minturn, sitting for the Supreme Court, at chambers, who struck out both complaints upon the ground that neither stated a legal cause of action, and gave judgment for each defendant accordingly. The cases were consolidated on the appeal to this court, and are argued together in the briefs of counsel of the respective parties.

The notice to strike out the complaint being in the nature of a demurrer, the fact of negligence is conceded, and the questions to be solved are—(1) Is the municipality answerable to the plaintiffs for the negligence of its employe? (2) Is Schmolze, he being a servant of the city, and in the performance of a public duty, answerable to the plaintiffs for the consequences of his negligent conduct?

First, as to the liability of municipality for the tortious acts of its employes.

It seems that this is no longer an open question in this state. That a municipality cannot be properly called upon to respond in damages to a person injured through the negligence of its employes is too well settled to need any lengthy discussion on the topic. It was the common law rule and is the adopted legal rule in this state. This court in *Condict* v. *Jersey City,* 46 *N. J. L.* 157, held that a municipal corporation is not liable for an injury occasioned by the negligence

of a driver employed by its board of public works to remove ashes and refuse from boxes and barrels placed on the sidewalks to a public dumping ground, though the driver was at the time driving a horse and cart owned by the city, and his negligence was in making a dump from the cart. Mr. Justice Depue (at *p.* 159) cites *Jewett* v. *City of New Haven,* 38 *Conn.* 368, a well-considered case, in which it was held that a municipality was not liable for the negligence of the members of its fire department.

In *Hafford* v. *City of Bedford,* 16 *Gray* 297, Chief Justice Bigelow (at *p.* 302) says: "The members of the fire department of New Bedford, when acting in the discharge of their duties, are not servants or agents in the employment of the city, for whose conduct the city can be held liable, but they act rather as officers of the city, charged with the performance of a certain public duty or service; and no action will lie against the city for their negligence or improper conduct, while acting in the discharge of their official duty."

Stress is laid by counsel of appellants on the case of *Olesiewicz* v. *Camden,* 100 *N. J. L.* 336, decided by this court, as upholding the contention that a municipality is liable for the negligence of its employes. But a fair reading of what was there decided does not lend any support to the appellant's contention. The active wrong-doing must be chargeable to the municipality in order to render it liable, *e. g.,* where a municipality directs its employe to dig a hole in a public highway and leaves it unguarded, or participates in some other act of misfeasance of its employe through which a person suffers injury. *Jersey City* v. *Kiernan,* 50 *N. J. L.* 246, 250; *Hart* v. *Freeholders of Union,* 57 *Id.* 90; *Kehoe* v. *Rutherford,* 74 *Id.* 659; *Doran* v. *Asbury Park,* 91 *Id.* 651; *Cochran* v. *Public Service Electric Co.,* 97 *Id.* 480, sufficiently and clearly illustrate the conditions under which a municipality may be held liable for negligence to a person who has suffered an injury.

Since the doctrine of *respondeat superior* does not apply to actions against municipalities for the negligent act of their servants, therefore, under the facts of the present case, the

municipality incurred no legal responsibility for the negligent act of Schmolze. The court was right in striking out the complaint.

We now approach the consideration of the question whether Schmolze, he being a servant of the city in the discharge of a public duty, can be properly held liable for the consequences of his negligent act in the performance of such public duty.

In *Oliver Nowell et ux.* v. *Wright.* (*Mass.*), 3 *All.* 166, Mr. Justice Dewey (at *p.* 167) very aptly remarks: "It may be a delicate, if not a difficult task, to mark with precision the line of discrimination between the various classes of public officers or agents created by statute and whose duties are defined by statute, who may be held responsible to individuals in an action on the case, for injuries resulting from the improper execution of their official duties. That many such officers and agents have been so held responsible the adjudged cases abundantly show." In the cited case a tender of a drawbridge, appointed by the governor, with a salary, having full care and charge of the management of the bridge and draw, and of the lamps upon the bridge, was held liable for injuries sustained by a plaintiff who fell into the Charles river in the nighttime, through the negligence of the tender of the bridge in not shutting the gates and hanging out lanterns while opening the draw.

In *Hall* v. *Smith, 2 Bing.* (at *p.* 159), Chief Justice Best says: "If commissioners under an act of parliament order something to be done which is not within the scope of their authority, or are themselves guilty of negligence in doing that which they are empowered to do, they render themselves liable to an action, but they are not answerable for the misconduct of such as they are obliged to employ." Carrying out this declaration to a perfectly legitimate and logical conclusion, it, inferentially, indicates that those who are employed by the commissioners, and are guilty of negligence in doing that which they are entrusted to do, are answerable in damages to the persons injured by such negligence.

For if the commissioners can be held to respond in damages for their negligent act in the performance of their duty, there

can be no good reason, in principle, why the persons entrusted to perform such duty by the commissioners should be exempt from liability for their negligent conduct.

Schmolze, the defendant below, was a servant of the city of Jersey City charged with the performance of a certain public duty or service, which was to drive a fire truck through the public streets to go to fires for the protection of property and oftentimes of life. This duty is concededly a highly important and grave function to perform. But it would be a travesty upon both law and justice to hold that, because of the gravity and importance of the duties cast upon him, he has become clothed with the privilege, while in the act of performing such duties, to thrust aside all ordinary prudence in driving along the public streets to the great hazard of life and limb of men, women and children of all classes and condition, who may be upon the public highway. He must answer for his negligence, though, in the performance of a public duty, in the same manner as if he were an individual in private life and had committed a wrong to the injury of another. The servant of the municipality is required to perform his duty in a proper and careful manner, and, when he negligently fails to do so, and in the performance of his duty negligently injures another, his official cloak cannot properly be permitted to shield him against answering for his wrongful act to him who has suffered injury thereby.

The principle to be extracted from the cases in our own state and in foreign jurisdictions where the common law prevailed appears to be for an injury resulting to an individual from a failure of care on the part of a municipality or of a public officer invested with the performance of certain public duties no action will lie, for the reason that negligence that is nothing more than nonfeasance created no liability. Nor will an action lie against the municipality for negligent acts of misfeasance by the servants or agents of a municipality or a public officer performing duties strictly public, for the reason that for such acts of misfeasance in the performance of public duties by such servants or agents no liability attaches to the employe who is acting only as a representative of the

government for the benefit of the public, and to which governmental relation the doctrine of *respondeat superior* does not apply.

But where the negligent acts of misfeasance are committed by the municipality, as, for instance, where a municipality, by artificial drains, to divert surface water from the course it would otherwise take, and cast it in a body large enough to do substantial injury on land where, but for such artificial drain it would not go, an action will lie. Also, where the work is not entirely public, but is, in part, for profit, or when any element of pecuniary advantage enters into it, liability is incurred by the municipality for the negligent acts of its servants. See *Hill* v. *Boston,* 122 *Mass.* 344, where Chief Justice Gray, in an elaborate opinion, reviews all the English cases, the cases in this and sister states, bearing upon the subject up to 1877. In *Moynihan et al.* v. *Todd,* 74 *N. E. Rep.* 367, the defendant was superintendent of the streets for the town of Rowley, and at the time of the accident he was repairing a street, with others working under his direction and subject to his control. He directed that a boulder be removed by blasting, and just before the explosion he went away a short distance from it to be beyond the reach of the broken rock from the blast. The plaintiff was injured and brought his action against the defendant. There appears to have been a verdict for the defendant. Chief Justice Knowlton, in a very elaborate opinion, held that a jury would have been warranted in finding that the defendant was personally negligent, and that would not relieve him from liability though he was acting as a public officer.

In 22 *Rul. Cas. L.* 484, § 162, the general rule laid down is: "Public officers, as a rule, are answerable to private persons for injuries resulting from the negligent performance of their municipal duties. For example, a registrar of deeds, being a municipal officer, is liable at common law, in the absence of an express statute, to an action for damages caused by his negligent performance of the duties of his office," &c. See *Upton* v. *Slater,* 83 *N. J. L.* 373.

There is a dearth of any express declaration by courts of this state on the subject relating to the liability of public officers and employes for their negligent acts. But in the case of the *American Print Works* v. *Lawrence*, 23 *N. J. L.* 590, this court (at *p.* 601) says: "It is enough for the decision of this case that we recognize the well-settled principle, that public officers, acting without private emolument in a matter of public concern, shall not be personally liable for the consequential injuries arising out of an act done by them under lawful authority and in a proper manner."

This is in harmony with the principle of the cases above referred to. The only legitimate inference to be drawn from the language used is that where the act done by the public officer is under lawful authority and free from negligent conduct he is absolved from liability, otherwise not.

*Smith* v. *Clark*, 53 *N. J. L.* 197, was a case where an action was brought by the plaintiff Smith against Clark for false imprisonment. Clark was the receiver of taxes of the city of Newark. He delivered to his deputy certain warrants for taxes due to the city of Newark. The deputy at the time of making the arrest of the plaintiff did not have either of the warrants with him. The case came on for trial at the Essex Circuit, before Mr. Justice Depue, whose charge is reported in 13 *N. J. L. J.* 39. The facts are fully stated therein. No question seems to have been raised as to the legal propriety of the plaintiff maintaining his action against Clark for the wrongful act of his deputy. The learned judge, however, in his charge, expressed a doubt whether or not the action could be maintained against the receiver, but, in order that the public questions involved in the case might be settled, he assumed, for the purpose of the suit, that it was properly brought. The result of the trial being adverse to the plaintiff, he sued out a writ of error and the cause came up for review by this court. It can hardly be inferred that upon plaintiff's writ of error the question of Clark's liability for his deputy's wrongful act could have been drawn into question. Chief Justice Beasley, in his opinion, says that the only question

now necessary to decide is whether an officer can lawfully make an arrest by virtue of process which he has not with him at the time. The case was reversed on the declaration that no such arrest could be properly made. But there is a clear inference to be drawn from the case that the deputy tax receiver, a public officer, was liable to answer for his wrongful act to the party injured.

We think that a sound public policy requires that public officers and employes shall be held accountable for their negligent acts in the performance of their official duties to those who suffer injury by reason of their misconduct. Public office or employment should not be made a shield to protect careless public officials from the consequences of their misfeasance in the performance of their public duties.

For the reasons stated the judgment entered in favor of municipality is affirmed, with costs, and the judgment entered in favor of John Schmolze is reversed, with costs.

In case of Jersey City—

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, KAYS, JJ. 12.

*For reversal*—None.

In case of Schmolze—
*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, KAYS, JJ. 12.