**Allen CHURCHILL, Plaintiff,**

**v.**

**Bertha McKAY, Defendant.**

**No. 3967–KA.**

District Court, Alaska.
First Division, Ketchikan.

July 8, 1958.

Floyd O. Davidson, Ketchikan, Alaska, for plaintiff.

Victor P. Guns, Ketchikan, Alaska, for defendant.

KELLY, District Judge.

This matter comes before the court on a motion to dismiss filed by counsel for the defendant.

▇▇▇ The reason assigned for the motion is that the complaint filed herein does not state a cause of action. We feel that the motion is well taken, that the complaint does not state a cause of action, and that the motion should be granted. This motion should be considered as a motion for summary judgment under Rule 12(b) Fed.Rules Civ. Proc., 28 U.S.C,A. and under Rule 56 the case should be dismissed with prejudice.

The complaint sets forth that the plaintiff was the owner and operator of a taxicab, duly licensed to operate in Ketchikan, Alaska, and that the defendant was the Municipal Clerk of the City of Ketchikan, Alaska, and was required by Territorial statute to:

" * * * file and duly keep all the records and public papers of the city." Sec. 16–1–63, A.C.L.A.1949;

that it was her further duty and responsibility to keep and preserve the ordinances and resolutions passed by the Common Council and approved by the Mayor of Ketchikan; that it was the custom and practice for the Municipal Clerk of Ketchikan to copy the original ordinances of the City into a separate so-called "ordinance book" which ordinance book was the source used for public reference. The Municipal Clerk would keep the original ordinances in a file or place separate and apart from the ordinance book, and this ordinance book was the source of information to the public generally as to the contents of the ordinances of said city; that on September 16, 1953, the Common Council and the Mayor of Ketchikan passed and approved Ordinance Number 506 to regulate the business of the operation of taxicabs in this city and prescribing penalties for failure to adhere to the requirements thereof. Section 27 of said ordinance provided as follows:

"Manifests. Every holder (of a certificate of public convenience and necessity) shall maintain a daily manifest upon which is recorded all trips made each day, showing time and place of origin and destination of each trip and the amount of fare. The forms for each manifest shall be of a character approved by the Police Department.

"Every holder of a certificate of public convenience and necessity shall retain and preserve all manifests in a safe place for at least the calendar year next preceding the current calendar year, and said manifests shall be available to the Police Department."

Section 30 of said Ordinance Number 506 makes it a misdemeanor for anyone to violate the terms thereof and subjects the violator to a fine of $300 and/or 30 days in the city jail.

Plaintiff further claims that the defendant copied or caused to be copied the original of Ordinance Number 506 into the said ordinance book and in the process of so doing, she negligently and carelessly omitted to copy the second paragraph of Section 27 as set forth above, which paragraph requires that taxicab manifests be made available to the Police Department. The ordinance, as copied into the ordinance book, was then signed in longhand in ink by the Mayor of the City of Ketchikan and attested in the same manner by the defendant as City Clerk; that such ordinance as copied was held out to the public as the official Ordinance Number 506; that thereafter the defendant made numerous mimeographed copies of Ordinance Number 506 as it was contained in the ordinance book; that these copies omitted the second paragraph of Section 27 as passed by the Council and signed by the Mayor originally; these mimeographed copies were then distributed to the owners and operators of taxicabs within the City of Ketchikan, including the plaintiff.

In the month of October, 1957, two police officers of the City of Ketchikan approached the defendant and demanded of him his taxicab manifests for certain previous months of 1957. The plaintiff referred to his mimeographed copy of Ordinance Number 506 and told the police officers that the ordinance did not require him to produce his manifests and the police officers then caused the plaintiff to be arrested, charged with refusing to give the said manifests to the officers in violation of the original Ordinance Number 506.

Plaintiff was then lodged in the Ketchikan City Jail and required to furnish bail for his release; was tried by the Municipal Magistrate in Ketchikan and was there convicted and fined. Appeal was taken to the District Court for the District of Alaska, First Judicial Division at Ketchikan, where a verdict of Not Guilty was directed by the Court.

Plaintiff alleges that the acts of the defendant in copying and causing to be copied the original of said Ordinance Number 506 into the ordinance book and by failing to diligently compare the original with the copy in the ordinance book, and by causing to be distributed to the plaintiff such erroneous copy, constituted gross and culpable negligence and carelessness and that said negligence and carelessness caused damage to the plaintiff in the sum of $600 incurred for attorney fees in defending himself in the Municipal Court and on his appeal; damages of $5,000 caused by the humiliation, inconvenience, discomfiture, mental anguish and suffering of plaintiff in being put through the ordeal of defending himself in two courts as aforesaid. Plaintiff further claims punitive and exemplary damages in the sum of $2,500 for gross and culpable negligence and carelessness as aforesaid.

The suit is not brought against the City of Ketchikan or the City Clerk as the agent of the City, but is brought against the defendant as an individual.

The defendant contends, in support of her motion, that it is basic in

the law of negligence that there be some duty running from the defendant to the plaintiff, and that the plaintiff is here attempting to hold the defendant personally liable for actions accomplished by the defendant in an official capacity, and is citing as the specific duty relied upon that section of the Territorial law which requires the Municipal Clerk to file and keep all records and public papers of the City; that the defendant as an individual accomplished none of the acts complained of, and that any act or acts so done were in the discharge of her duty for her principal, the City of Ketchikan.

The plaintiff, in his memorandum brief, cites the case of Florio v. Jersey City, 1925, 101 N.J.L. 535, 129 A. 470, 471, 40 A.L.R. 1353, which case upholds the right of an injured person to sue a city fireman who was charged with the performance of a certain public duty or service, which was to drive a fire truck through the public streets to go put out fires for public protection, and cites dicta from that case to the effect that where a servant of a municipality (in that case, a fireman) is required to perform his duty in a proper and careful manner, and when he negligently fails to do so and in the performance of his duty negligently injures another, his official cloak cannot properly be permitted to shield him against answering for his wrongful act to one who has suffered injury thereby.

It is significant that the plaintiff has cited no case where a public official, either elected or appointed, of a municipality was liable personally for negligence in the performance of a duty required by law that should be done by such official in his official capacity, and even states flatly that the plaintiff is not suing for an act done in the performance of a statutory duty.

The defendant points out that in the Florio case, above cited by the plaintiff, the following statement of the court appears:

"The principle to be extracted from the cases in our own state and in foreign jurisdictions where the common law prevailed appears to be that for an injury resulting to an individual from a failure of care on part of a municipality or of a public officer invested with the performance of certain public duties no action will lie, for the reason that negligence that is nothing more than nonfeasance created no liability."

The plaintiff cited the annotation of 40 A.L.R. 1353, at page 1361 but in that annotation the qualification of the general rule of liability is set forth as follows:

"It seems that where the duty of a municipal officer is discretionary or judicial, he is not personally liable for negligence in the discharge of his duty * * *" (citing Browne v. City of Bentonville, 1910, 94 Ark. 80, 126 S.W. 93; Walker v. Hallock, 1869, 32 Ind. 239; Steele v. Dunham, 1870, 26 Wis. 393.

See also:

"Public officer, charged with discretionary duty, unless guilty of willful wrong, is not liable for mistaken judgment or erroneous performance of duty." Fidelity & Casualty Co. of New York v. Brightman, 8 Cir., 53 F.2d 161.

and

"It is well settled in this state that, when a public officer is charged with duties which call for an exercise of his judgment and discretion, he is not liable for an erroneous performance, unless he has been guilty of willful wrong, malice, or corruption." Schooler v. Arrington, 106 Mo.App. 607, 81 S.W. 468, 469.

The defendant owed no duty, while acting as City Clerk, to the plaintiff, either in her official capacity or as an individual. The situation is entirely different from an employee of a city driving a vehicle, upon which authority the plaintiff appears to rely. The mere charge of negligence and carelessness as to an individual in the pleadings, is not sufficient.

342

The foregoing shall constitute Findings of Fact and Conclusions of Law unless the parties desire additional Findings or Conclusions.

Judgment in accordance herewith may be submitted.