Richard A. **CARDEN**, Appellant,

v.

Courtney M. **GEORGE**, Respondent.

No. SD 29623.

Missouri Court of Appeals, Southern District, Division Two.

Aug. 10, 2009.

Application for Transfer Denied Aug. 18, 2009.

Application for Transfer Denied Oct. 6, 2009.

Richard A. Carden, Rolla, pro se.

Michael G. Berry and Marshall V. Wilson, Barry Wilson, L.L.C., Jefferson City, for Respondent.

DANIEL E. SCOTT, Chief Judge.

Appellant Carden, *pro se*, appeals the dismissal of his malicious prosecution suit against the Phelps County Prosecuting Attorney ("Prosecutor"). His briefs suffer deficiencies similar to those in *Carden v. City of Rolla*, 290 S.W.3d 728 (Mo.App. 2009), for which we dismissed that appeal. We justifiably might do the same here, especially given Appellant's history of briefing violations,[1] yet we exercise our discretion to consider Appellant's claims as we discern them.

## Background

Prosecutor was served with Appellant's petition on July 14, 2008. She sought and obtained a change of judge. Appellant filed a September 4 motion for the new judge to recuse, and a motion for default judgment the next day. Over Appellant's objection, the newest judge granted Prosecutor's request to file her answer out of time.

Asserting both absolute and official immunity, Prosecutor moved to dismiss the case. The trial court agreed in both respects and dismissed the petition.

## Analysis of Appellant's Claims

■ Appellant argues that the trial court erred in denying his motion for default judgment. We cannot find such a ruling in the record[2] and probably could not review it anyway. *Cf. Iowa Steel & Wire Co. v. Sheffield Steel Corp.*, 227 S.W.3d 549, 557 (Mo.App.2007)(denials of motions to dismiss or for summary judgment are not final judgments or reviewable on appeal). This point would fare no better if viewed as a complaint that Prosecutor was allowed to file a late answer, since that ruling was within the trial court's discretion. *Jordan v. Willens*, 937 S.W.2d 291, 295–96 (Mo.App.1996). Point denied.[3]

Appellant also urges that in *Southers v. City of Farmington*, 263 S.W.3d 603 (Mo. banc 2008), "the Supreme Court set forth ... that any Wilful Conduct done With Malice is not covered by any of the immunities." In his words:

> The Appellant has been very careful within all of his pleadings in this matter, including the Appellants Brief, to make it clear that he recognizes and makes no attempt to penetrate any immunities that the Prosecutor may have. In any case however, the Prosecutor does not enjoy *Absolute Immunity* to include Willful Conduct With Malice Intended to Harm the Appellant. There are no immunities for this conduct by the Prosecutor. See, [*Southers* ].

However, *Southers* does not say what Appellant claims, and would be dicta if it did.

*Southers* was a negligence case about a high-speed police chase. The opinion principally held that the public duty doctrine does not shield government entities from

---

**1.** *See also Carden v. Missouri Intergovernmental Risk Mgmt. Ass'n*, 258 S.W.3d 547 (Mo. App.2008), in which we dismissed another of Appellant's appeals for briefing violations and imposed sanctions for frivolous appeal.

**2.** Although allowing Prosecutor to file a late answer had that effect.

**3.** Failing similarly is Appellant's claim that Respondent's motion to dismiss "should not have been heard as it was filed well after" the default judgment motion.

tort liability where our legislature expressly has abolished immunity. 263 S.W.3d at 611–14 & n. 13. The court also discussed the separate defense of official immunity, noting that it would not apply to conduct "willfully wrong or done with malice or corruption." *Id.* at 610–11 (citing *Schooler v. Arrington*, 106 Mo.App. 607, 81 S.W. 468, 469 (1904)).

 *Southers* had nothing to do with a prosecutor's common-law immunity from civil liability for initiating and pursuing a criminal case, which is considered both absolute[4] and "well settled." *Imbler v. Pachtman*, 424 U.S. 409, 424, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). This immunity "is based upon the same considerations that underlie the common-law immunities of judges and grand jurors acting within the scope of their duties," including the risk of harassment by unfounded litigation. *Id.* at 422–23, 96 S.Ct. 984.

> "The office of public prosecutor is one which must be administered with courage and independence. Yet how can this be if the prosecutor is made subject to suit by those whom he accuses and fails to convict? To allow this would open the way for unlimited harassment and embarrassment of the most conscientious officials by those who would profit thereby."

*Id.* at 423, 96 S.Ct. 984 (quoting *Pearson v. Reed*, 6 Cal.App.2d 277, 44 P.2d 592, 597 (1935)). "To be sure, this immunity does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty. But the alternative of qualifying a prosecutor's immunity would disserve the broader public interest." *Id.* at 427, 96 S.Ct. 984, *quoted in*

*Shaw v. City of St. Louis*, 664 S.W.2d 572, 575 (Mo.App.1983).

Appellant sued Prosecutor in tort for initiating and pursuing criminal proceedings against him. *Southers* did not qualify or limit Prosecutor's common-law immunity from such claims. Thus, Appellant's point fails and we need not reach Prosecutor's alternative argument for official immunity. We affirm the judgment of dismissal.

RAHMEYER, J., and LYNCH, P.J., concur.

4. *See, e.g., 63C* Am.Jur.2d *Prosecuting Attorneys* § 4 (1997), which also states that this immunity applies "even though the prosecuting attorney has acted willfully or maliciously."